IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAVIS BEARDEN, #0127658

    Plaintiff,

vs.                                     CASE NO. 4:10cv546-SPM/WCS

CITY OF JACKSONVILLE, et al.,

    Defendants.

_____/

### ORDER and REPORT AND RECOMMENDATION

In an order entered December 15, 2010, Plaintiff was directed to submit an initial partial filing fee in the amount of $8.33 by January 17, 2011. Doc. 4. In response to that order Plaintiff has now submitted another Prisoner Trust Fund Account Statement for the six month period prior to filing his complaint. Doc. 5. A review of the statement reveals that the Plaintiff has not had any deposits for that six month period and, therefore, he will not have to pay an initial partial filing fee as previously directed.

Having granted *in forma pauperis* status without requiring payment of an initial partial filing fee permits review of the complaint, doc. 1. Plaintiff is currently located at Santa Rosa Correctional Institution, and sues three or four Defendants, all of whom are located in the City of Jacksonville, Florida. Plaintiff's listing of Defendants on pages one

and two of the complaint form is not identical, so it is not clear who Plaintiff intended to be the Defendants, but it is clear that none of them are located within the jurisdiction of the Northern District of Florida. Moreover, the allegations at issue in this case concern events related to a court case and hearing in state court in Duval County, Florida. *Id.*, at 5-6. Because the events at issue took place in Duval County, as are each of the Defendants, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division. This case should be transferred.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

**Accordingly, it is**

**ORDERED:**

1. As Plaintiff has demonstrated he has maintained a balance of -0- in his inmate bank account for the past six (6) months, the Clerk of Court shall permit Plaintiff to proceed without payment of an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A)

2. The prior order, doc. 4, is amended to reflect that Plaintiff is proceeding *in forma pauperis* but without requiring payment of an initial partial filing fee.

Case No. 4:10cv546-SPM/WCS

3. The Clerk of Court shall MAIL a copy of this order, with the appropriate cover letter, to: Department of Corrections, Office of the General Counsel, 2601 Blair Stone Road, Tallahassee, Florida 32399-2500.

## RECOMMENDATION

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), I hereby respectfully **RECOMMEND** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 24, 2011.

s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.